# UNITED STATES DISTRICT COURT
## UNITED STATES BANKRUPTCY COURT

TERESA L. DEPPNER
CLERK OF COURTS

TELEPHONE: 304-347-3000

MAILING ADDRESS:

P. O. BOX 3924
CHARLESTON, WV 25339-3924

CR-05-00078



November 15, 2005

Clerk of Court
United States Courthouse
502 West Soledad Avenue, 4th Floor
Hagatna, GU 96910

Re: United States of America vs. Pasquana S. Ginn
2:04-00215

Dear Clerk,

Pursuant to the Transfer of Jurisdiction, in the above-referenced criminal action, enclosed please find certified copies of the Order of Transfer, Information, Judgment Order and the criminal docket sheet from the United States District Court for the Southern District of West Virginia.

If have any questions concerning this matter, please do not hesitate to contact this office.

Sincerely yours,

TERESA L. DEPPNER,
CLERK OF COURTS

Enclosures
cc: Probation Office SDWV

BY_____
DEPUTY CLERK

Receipt is hereby acknowledged of the documents described herein.

Date:_____ By:_____
Deputy Clerk



UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

FILED
OCT 18 2004
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

**UNITED STATES OF AMERICA**

v.                    CRIMINAL NO. 2:04-00215
                                   18 U.S.C. § 371

**PASQUANA S. GINN**

14

## I N F O R M A T I O N

The United States Attorney charges:

(Conspiracy to Defraud the United States)

1.  From 1999 through October 11, 2001, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant PASQUANA S. GINN and an individual known to the United States Attorney (hereafter "the Known Individual"), and others known and unknown to the United States Attorney unlawfully, willfully, and knowingly conspired with each other and with other individuals both known and unknown to the United States Attorney to defraud the United States through deceit, craft, trickery, and dishonest means, for the purpose of impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of federal income tax owed by defendant PASQUANA S. GINN and the Known Individual.

## Background

At all relevant times:

2. The Known Individual and defendant PASQUANA S. GINN were husband and wife.

3. The Known Individual was a citizen of the United States.

4. Defendant PASQUANA S. GINN was a citizen of Palau.

5. The Known Individual and defendant PASQUANA S. GINN were engaged in the business of providing contract services to various cable television companies through two companies, Cable TV Sweep, Inc., and System Sweep, Inc., in West Virginia and elsewhere.

## Purpose of the Conspiracy

6. It was the purpose of the conspiracy that defendant PASQUANA S. GINN and the Known Individual would, by deceit, craft, trickery, and dishonest means, impede, impair, obstruct, and defeat the lawful government function of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of the Known Individual's federal income tax for 1999 through 2001 on unreported taxable income of $1,957,849.00

## Manner and Means of the Conspiracy

7. The manner and means by which the conspiracy was sought to be accomplished included deceit, craft, trickery, and dishonest means.

8. It was a part of the conspiracy that the Known Individual and defendant PASQUANA S. GINN, together with other persons known

and unknown to the United States Attorney, would and did engage in federal income tax evasion.

9.   It was further a part of the conspiracy that the Known Individual and defendant PASQUANA S. GINN, together with other persons known and unknown to the United States Attorney, would and did illegally structure financial transactions to avoid reporting requirements.

10.   It was further a part of the conspiracy that the Known Individual and defendant PASQUANA S. GINN, together with other persons known and unknown to the United States Attorney, would and did fail to file, and did cause and attempt to cause other persons to fail to file, currency and monetary instrument reports.

11.   It was further a part of the conspiracy that the Known Individual and defendant PASQUANA S. GINN, together with other persons known and unknown to the United States Attorney, would and did transport, transmit, and transfer funds from a place in the United States to a place outside the United States knowing that the funds involved in that transportation, transmission, and transfer represented some form of proceeds of unlawful activity (federal income tax evasion and structuring) and knowing that such transportation, transmission and transfer was designed in whole and in part to avoid transaction reporting requirements under federal law.

3

**Overt Acts**

12. In furtherance of the conspiracy and to effect the objects of the conspiracy, the Known Individual and defendant PASQUANA S. GINN, together with their co-conspirators, known and unknown to the United States Attorney, committed the following and other overt acts within the Southern District of West Virginia and elsewhere:

   a. Defendant PASQUANA S. GINN and the Known Individual paid workers hired by their cable television service business by checks drawn by them on the business bank accounts.

   b. Defendant PASQUANA S. GINN wrote checks, processed paperwork, submitted invoices, and paid bills in connection with the operation of the cable television service business.

   c. The First Known Individual told the workers hired by the companies that he would not issue Forms 1099 to them or file those forms with the Internal Revenue Service, and the First Known Individual did not issue or file those forms.

   d. Defendant PASQUANA S. GINN and the Known Individual failed to keep business and personal financial records.

   e. Defendant PASQUANA S. GINN and the Known Individual maintained no personal bank accounts in the United States and dealt in large amounts of cash.

   f. Defendant PASQUANA S. GINN and the Known Individual failed to file federal income tax returns for themselves for the

4

years of 1999, 2000, and 2001.

g.   Defendant PASQUANA S. GINN and the Known Individual filed inaccurate federal income tax returns, or failed to file such tax returns, for Cable TV Sweep, Inc., and System Sweep, Inc., for the years 1999, 2000, and 2001.

h.   On or about May 24, 1999, defendant PASQUANA S. GINN deposited into her account at the Bank of Hawaii, Koror, Palau, $2,500 in U.S. currency which she had carried with her from the United States.

i.   On June 8, 1999, the Known Individual wire transferred $30,000 from the Cable TV Sweep, Inc., account at City National Bank of West Virginia to the account of defendant PASQUANA S. GINN at the Bank of Hawaii in Koror, Palau.

j.   On or about June 9, 1999, defendant PASQUANA S. GINN withdrew $5,176 in U.S. currency from her account at the Bank of Hawaii, Koror, Palau.

k.   On January 24, 2001, the Known Individual wire transferred $100,000 from the Cable TV Sweep, Inc., account at City National Bank of West Virginia to the account of defendant PASQUANA S. GINN at the Bank of Hawaii in Koror, Palau.

l.   In a transaction structured to avoid the filing of a currency transaction report, on the dates set forth below the Known Individual and defendant PASQUANA S. GINN signed and cashed the following checks:

5

| Date | Check No. | Amount | Payee |
|---|---|---|---|
| 6/06/01 | 0686 | $6,000.00 | Known Individual |
| 6/11/01 | 0689 | $6,000.00 | PASQUANA S. GINN |
| 6/13/01 | 0694 | $8,000.00 | Known Individual |

m. On or about July 25, 2001, defendant PASQUANA S. GINN withdrew $1,000 in U.S. currency from her account at the Bank of Hawaii, Koror, Palau.

n. On or about August 2, 2001, defendant PASQUANA S. GINN withdrew $5,000 in U.S. currency from her account at the Bank of Hawaii, Koror, Palau.

o. In a transaction structured to avoid the filing of a currency transaction report, on the dates set forth below the Known Individual and defendant PASQUANA S. GINN signed and cashed the following checks:

| Date | Check No. | Amount | Payee |
|---|---|---|---|
| 9/06/01 | 0767 | $9,000.00 | Known Individual |
| 9/07/01 | 0770 | $9,000.00 | PASQUANA S. GINN |

p. On or about October 11, 2001, defendant PASQUANA S. GINN cashed check number 2 drawn on the account of System Sweep, Inc., at the Community Bank.

q. In or about the fall of 2001, the Known Individual left the United States, intending never to return.

In violation of Title 18, United States Code, Section 371.

## SENTENCING ALLEGATION

With respect to the charge in this Information, the unreported taxable income of the Known Individual and of defendant PASQUANA S. GINN totaled $1,957,849.00

                        UNITED STATES OF AMERICA

                        KASEY WARNER
                        United States Attorney

By:

                      _[signature]_
                      HUNTER P. SMITH JR.
                      Assistant United States Attorney

Date Filed: 10-18-04

7

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Southern District of West Virginia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| V. | |
| | Case Number: 2:04-00215 |
| PASQUANA S. GINN | USM Number: 02427-093 |
| | Gary Collias |
| | Defendant's Attorney |

**ENTERED FEB - 2 2005**
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

**THE DEFENDANT:**

X pleaded guilty to count(s)  single count information

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
| --- | --- | --- | --- |
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | 10/11/01 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 1, 2005
Date of Imposition of Judgment

_/s/ signature_
Signature of Judge

Robert C. Chambers, United States District Judge
Name and Title of Judge

2/2/05
Date

A TRUE COPY CERTIFIED ON
NOV 14 2...
U.S. District & Bankruptcy Courts
Southern District of West Virginia
By _____ Deputy

AO 245B   (Rev. 12/03) Judgment in Criminal Case
Sheet 2    Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: PASQUANA S. GINN
CASE NUMBER: 2:04-00215

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

104 days with credit for time served. Deft. will immediately begin to serve her supervised release term.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____.
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: PASQUANA S. GINN
CASE NUMBER: 2:04-00215

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: PASQUANA S. GINN
CASE NUMBER: 2:04-00215

## SPECIAL CONDITIONS OF SUPERVISION

Payment of restitution is a special condition of supervised release.

In connection with payment of restitution, the Court imposes two additional special conditions of supervised release: the defendant is prohibited from incurring new credit charges or opening additional lines of credit without the probation officer's approval unless she is in compliance with the fine payment schedule; the defendant will provide the probation officer access to any requested financial information.

Judgment — Page __5__ of __7__

DEFENDANT:      PASQUANA S. GINN
CASE NUMBER:    2:04-00215

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100          | $        | $ 745,787       |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee**        | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|--------------------------|-----------------|-------------------------|----------------------------|
| Internal Revenue Service |                 | 745,787                 |                            |
| **TOTALS**               | $               | $ 745,787               |                            |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the    ☐ fine   X restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      PASQUANA S. GINN
CASE NUMBER:    2:04-00215

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Restitution will be paid in installments of $50 per month, the first being due within 30 days of February 1, 2005; if the defendant obtains employment, probation may ask for modification of payment amount.

The $100 special assessment has been paid.

DEFENDANT: PASQUANA S. GINN
CASE NUMBER: 2:04-00215

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and and corresponding payee, if appropriate.
    **Restitution is joint and several with Jep Benjamin Ginn, Jr. (2:04-000530; Richard Andre (2:04-00214) and Steven G. Brozo (2:04-00213) for the restitution amount of $745,787.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | **TRANSFER OF JURISDICTION** | 2:04CR00215-001 |
| | | DOCKET NUMBER *(Rec. Court)* |
| | | CR-05-00078 |
| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: Pasquana S. Ginn Koror, Palau | DISTRICT Southern District of West Virginia | DIVISION Charleston |
| | NAME OF SENTENCING JUDGE Robert C. Chambers | |
| | DATES OF SUPERVISED RELEASE: | FROM 02/01/2005 — TO 01/31/2008 |

OFFENSE

18 U.S.C. § 371, Conspiracy to Defraud the United States

**FILED**
DISTRICT COURT OF GUAM
OCT 27 2005
MARY L.M. MORAN
CLERK OF COURT

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "SOUTHERN DISTRICT OF WEST VIRGINIA"

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the DISTRICTS OF GUAM AND THE NORTHERN MARIANA ISLANDS upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

10/5/05
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICTS OF GUAM AND THE NORTHERN MARIANA ISLANDS

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

**ENTERED**
NOV - 9 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

10-27-05
Effective Date

**RECEIVED** OCT 26 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

A TRUE COPY CERTIFIED

NOV 14

WILLIAM ALSUP
Designated Judge

**ORIGINAL**

CLOSED

# United States District Court
## Southern District of West Virginia (Charleston)
### CRIMINAL DOCKET FOR CASE #: 2:04-cr-00215-ALL

Case title: United States of America v. Ginn

Date Filed: 10/18/2004

Assigned to: Judge Robert C. Chambers

**Defendant**

**Pasquana S. Ginn** (1)
*TERMINATED: 02/02/2005*

represented by **Gary A. Collias**
MCINTYRE & COLLIAS
P. O. Box 70007
Charleston, WV 25301-0007
304/344-3653
Fax: 344-2504
*TERMINATED: 02/02/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

CONSPIRACY TO DEFRAUD THE
UNITED STATES
(1)

**Disposition**

104 days impr., 3 yrs. SRT, $100 sp. assmt., fine waived, $745,787 restitution, joint and several.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

**Plaintiff**

**United States of America**

represented by **Hunter P. Smith, Jr.**

U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 347-5104
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kasey Warner**
U. S. ATTORNEY'S OFFICE
P. O. Box 1713
Charleston, WV 25326-1713
304/345-2200
Fax: 347-5104
*TERMINATED: 02/02/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/18/2004 |  | CASE as to Pasquana S. Ginn assigned to Judge Robert C. Chambers. (ras) (Entered: 10/25/2004) |
| 10/19/2004 | 1 | INFORMATION as to Pasquana Ginn count 1. (tmr) |
| 10/26/2004 | 2 | MOTION by United States as to Pasquana S. Ginn to Schedule Guilty Plea Hearing. (jkk) |
| 10/28/2004 | 3 | ORDER granting 2 Motion to Schedule Guilty Plea Hearing as to Pasquana S. Ginn, scheduling Plea Hearing for 11/15/04 11:00 AM in Huntington before Judge Robert C. Chambers. Signed by Judge Robert C. Chambers on 10/28/2004. (cc: Judge, USA, USP, USM, counsel, deft) (jkk) |
| 11/01/2004 | 4 | MOTION by Pasquana S. Ginn for order directing United States Marshal Service to provide travel expenses to deft (tmr) |
| 11/03/2004 | 5 | ORDER granting deft's 4 Motion directing USM to provide travel expenses to the deft as to Pasquana S. Ginn . Signed by Judge Robert C. Chambers on 11/3/2004. (cc: Judge, USA, USP, USM, counsel, deft) (tmr) |
| 11/15/2004 | 6 | SPECIAL ASSESSMENT PAYMENT as to Pasquana S. Ginn. Receipt No. 2849; Amount: $100.00. (klc) |
| 11/15/2004 | 7 | Minute Entry for proceedings held before Judge Robert C. Chambers: PLEA AGREEMENT HEARING as to Pasquana S. Ginn. (Court Reporter Terry Ruffner) (skh) |
| 11/15/2004 | 8 | WAIVER OF INDICTMENT by Pasquana S. Ginn. (skh) |
| 11/15/2004 | 9 | PLEA AGREEMENT as to Pasquana S. Ginn. (cc: U.S. Probation Office) (skh) |

| | | |
|---|---|---|
| 11/15/2004 | 10 | WRITTEN PLEA OF GUILTY by Defendant Pasquana S. Ginn. (skh) |
| 11/15/2004 | 12 | APPEARANCE BOND ENTERED as to Pasquana S. Ginn in amount of $10,000, n/s. (skh) Modified on 11/15/2004 (Howie, Susan). |
| 11/15/2004 | 13 | ORDER SETTING CONDITIONS OF RELEASE as to Pasquana S. Ginn, $10,000.00, n/s. Signed by Judge Robert C. Chambers on 11/15/2004. (cc: Judge, USA, USP, USM, counsel, deft) (skh) |
| 11/15/2004 | 14 | ORDER as to Pasquana S. Ginn. Filing the letter-form plea agreement, waiver of indictment and written plea of guilty to the single count information. Presentence Investigation Report due by 1/24/2005. Sentencing set for 1/31/2005 at 1:30 PM in Huntington before Judge Robert C. Chambers. Defendant released on $10,000.00 personal recognizance bond pending sentencing. Signed by Judge Robert C. Chambers on 11/15/2004. (cc: Judge, USA, USP, USM, counsel, deft) (skh) |
| 11/16/2004 | 15 | PROBATION OFFICER ASSIGNMENT FORM as to Pasquana S. Ginn. Presentence Investigation: D. L. LaDoucer. (jkk) (Entered: 11/17/2004) |
| 01/05/2005 | 16 | MOTION by Pasquana S. Ginn for Order Directing United States Marshal Service to Provide Travel Expenses to Defendant. (taq) |
| 01/05/2005 | 17 | RESPONSE by United States of America to Deft Pasquana S. Ginn's 16 MOTION for Order Directing the United States Marshals Service to Provide Travel Expenses to Defendant. (taq) (Entered: 01/06/2005) |
| 01/06/2005 | 18 | ORDER granting deft's 16 motion for order directing the USM to provide travel expenses as to Pasquana S. Ginn and to arrange for her transportation to attend the plea hearing set for 1/31/05. Signed by Judge Robert C. Chambers on 1/6/2005. (cc: Judge, USA, USP, USM, counsel, deft) (skh) |
| 01/11/2005 | 19 | MOTION by USA as to Pasquana S. Ginn for Substantial Assistance. (mkw) (Entered: 01/12/2005) |
| 01/12/2005 | 20 | ORDER as to Pasquana S. Ginn; Sentencing reset for 2/1/2005 10:00 AM in Huntington before Judge Robert C. Chambers; USM to make travel arrangements as directed in the 18 order. Signed by Judge Robert C. Chambers on 1/12/2005. (cc: Judge, USA, USP, USM, counsel, deft) (tmr) Modified on 1/18/2005 (Howie, Susan). |
| 02/01/2005 | 21 | SENTENCING as to Pasquana S. Ginn held by Judge Robert C. Chambers on 2/1/2005; Court Reporter: Teresa Ruffner. trj) |
| 02/02/2005 | 22 | JUDGMENT as to Pasquana S. Ginn, Count 1, 104 days impr. with credit for time served; deft will immediately begin to serve her supervised release term; 3 yrs. SRT, $100 sp. assmt., fine waived, $745,787 restitution, joint and several with Jep Benjamin Ginn, Jr. (2:04-00053), Richard Andre (2:04-00214) and Steven G. Brozo (2:04-00213). Signed by Judge Robert C. Chambers on 2/2/2005. (cc: Judge, USA, USP, USM, counsel, deft) (mkw) Modified on 2/7/2005 (Howie, Susan). |

| 02/02/2005 | 23 | ORDER as to Pasquana S. Ginn sealing Statement of Reasons; copy to counsel and USPO; USPO to forward copy to USSC and BOP; USPO to make the Statement an attachment to and part of any copy of the presentence report made available to the BOP, 4CCA and Appellate counsel . Signed by Judge Robert C. Chambers on 2/2/2005. (cc: Judge, USA, USP, USM, counsel, deft) (mkw) |
|---|---|---|
| 02/02/2005 | 24 | SEALED DOCUMENT. (mkw) |
| 02/28/2005 | 25 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 16146; Amount: $50. (tmr) (Entered: 03/01/2005) |
| 03/11/2005 | 26 | CJA 20 as to Pasquena S. Ginn: Appointment of Attorney Gary A. Collias for Pasquena S. Ginn . Signed by Judge Robert C. Chambers on 3/7/2005 nunc pro tunc 10/19/04. (mkw) Modified on 3/16/2005 (Howie, Susan). (Entered: 03/14/2005) |
| 04/01/2005 | 27 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 16326; Amount: $50. (tmr) |
| 04/27/2005 | 28 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 16470; Amount: $50.00. (acj) (Entered: 04/28/2005) |
| 05/31/2005 | 29 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 16648; Amount: $50. (tmr) |
| 06/28/2005 | 30 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 16774; Amount: $50.00. (mkw) (Entered: 06/29/2005) |
| 08/02/2005 | 31 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 16945; Amount: $50. (tmr) (Entered: 08/03/2005) |
| 08/26/2005 | 32 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 17075; Amount: $50. (tmr) (Entered: 08/29/2005) |
| 09/27/2005 | 33 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 17227; Amount: $50. (tmr) |
| 10/19/2005 | 34 | RESTITUTION PAYMENT as to Pasquana S. Ginn. Receipt No. 17340; Amount: $50.00. (mkw) |
| 11/09/2005 | 35 | SUPERVISED RELEASE TRANSFER OF JURISDICTION TO the District of Guam as to Pasquana S. Ginn. (tmr) (Entered: 11/15/2005) |
| 11/15/2005 | 36 | SUPERVISED RELEASE JURISDICTION Transferred TO Distrct of Guam as to Pasquana S. Ginn Transmitted Transfer of Jurisdiction form, with certified copies of information, judgment and docket sheet. (tmr) |